## JNO. R. BOYD v. JACOB JAMES.

**Title of Real Estate Under Survey.**

> One seeking to claim land in the possession of another who claims it under the lines of a survey, has the burden to show a superior claim either by virtue of a previous appropriation by entry or survey, or being an actual settler.

### APPEAL FROM CALDWELL CIRCUIT COURT.

#### September 26, 1885.

OPINION BY JUDGE LEWIS:

Appellant seeks by caveat to prevent the emanation of a patent from the commonwealth to the appellee for a tract of thirty-one acres of land, relying upon the grounds for judgment in his favor: First, that the land in controversy is covered by an older patent issued in 1816 to Valentine Cook under whom he claims; second, that he has caused an entry and survey with a view to appropriate as vacant, 100 acres which likewise covers the land in dispute.

The patent to Cook contains by estimation 375 acres, and was sold in three parcels to Bivins, Beach and Crider, and it seems by proper conveyances now belongs to appellant. The first corner of the original survey is known and recognized by all parties, as is also the last but one which is a white oak. But the call from the last mentioned corner is east 240 poles to a stake, thence to the beginning.

Manifestly if the stake corner is to be established according to the call in the patent at the termination of 240 poles and run thence to the beginning corner, the land in controversy is outside the patent boundary, and it should be established at that point, unless it be made to appear by competent evidence that the line was actually run beyond.

The point where the distance of 240 poles from the white oak

terminates is designated on the plat B made part of the record by the figure 7, and there is now at that place a black oak and hickory marked as a corner, which is undoubtedly the corner of the tract purchased by Crider of Cook, and conveyed to him by a commissioner of court in 1825.

· There is also, 19½ poles west of that corner on the line from the white oak, a black gum and two white oaks marked as a corner, which is called for in the deed by Crider and also in the deed from the commissioner to Beach made at the same time for the portion of the Cook survey he purchased. Moreover, the call in the deed to Beach from Cook's white oak corner is east 220½ poles to the black gum and two white oaks, showing that the line was then run, recognized and accepted from Cook's white oak corner, the precise distance of 240 poles and then terminated at the black oak and hickory, figure 7 on the plat, and thence to Cook's beginning corner, excluding all the land in controversy, and the deeds under which appellant claims describe the Cook survey in the same manner.

There is, however, some evidence showing that from the letter D on the plat, the place where appellant contends that Cook's line from the white oak terminates, to the beginning corner these are marked line trees. But in the first place it is not shown, as might have been done, whether such marks correspond in age to the actual date of the survey of the Cook land, and in the second it is almost certain that Cook's closing line from the stake to the beginning corner was not run or marked at all when originally surveyed.

The boundary of Cook's survey being then recognized by those under whom appellant claims, and as the law would establish it in the absence of evidence showing it was actually run differently, and the land in dispute being outside that survey, and appearing to be vacant and unappropriated, appellant was not entitled to a judgment without showing a superior claim either in virtue of a previous appropriation by entry or survey, or being an actual settler, neither of which has been shown.

Judgment *affirmed*.

*Blue & Lowry, for appellant.*

*Geo. W. Duvall, F. W. Darnaby, for appellee.*